UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
AUG 0 1 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

DEMETRIUS MARTIN,      )
                       )
    Movant,            )
                       )
v.                     )   No. 4:16-CV-1023 SNLJ
                       )
UNITED STATES OF AMERICA, )
                       )
    Respondent.        )

## MEMORANDUM AND ORDER

Before the Court is movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] and his motion to hold this case in abeyance while he seeks permission from the Eighth Circuit to file a second or successive petition [Doc. #2].[1]

On May 25, 2011, movant pled guilty to being a felon in possession of a firearm. The Presentence Investigation Report ("PSR") applied an enhanced base offense level of 24 on the basis that movant had two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G.§ 2K2.1(a)(2). On September 7, 2011, movant was sentenced to 84 months' imprisonment. Movant did not file a direct appeal.

On April 13, 2015, movant filed a motion for a reduction in sentence. *See Martin v. United States*, 4:15CV630 SNLJ (E.D.Mo. 2015). Before making a substantive ruling on the motion, the Court asked movant to indicate whether he wished it to be treated as a petition brought pursuant to 28 U.S.C. § 2255. Movant indicated that he wished the motion to be considered under 18 U.S.C. § 3583, or as a reduction in sentence. The Court considered his

---

[1]The Court has reviewed the Eighth Circuit's docket and found no evidence that Mr. Martin has applied for permission to file a second or successive petition in that Court.

1

request for relief, but denied the request on May 12, 2015. His request was not considered a habeas petition, pursuant to 28 U.S.C. § 2255.

As petitioner has not brought a prior habeas action in this District, the Court will deny the request to stay this action pending permission from the Eighth Circuit to file a second or successive habeas corpus application.

However, to the extent movant is seeking a stay pursuant to the Supreme Court granting certiorari in *Beckles v. United States*, No. 15-8544, the Court will grant the motion for stay.[2]

Accordingly,

**IT IS HEREBY ORDERED** that movant's request to stay this action pending permission from the Eighth Circuit to file a successive action [Doc. #2] is **DENIED as no evidence exists that he has made such a request in the Eighth Circuit and there is no prior habeas in this Court**.

**IT IS FURTHER ORDERED** that movant's motion to stay this action pending the United States Supreme Court's decision in *Beckles v. United States*, 15-8544, 2016 WL 1029080, [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that movant must give notice to the Court within twenty-eight (28) days of the Supreme Court's decision in *Beckles v. United States*.

---

[2]In *Beckles*, the Supreme Court will be reviewing whether *Johnson's* constitutional holding applies to the residual clause in the U.S.S.G. § 4B1.2(a)(2), and if the answer is yes, whether this holding can be applied retroactively on collaterally review. Movant was sentenced under U.S.S.G. § 2K2.1, and his base offense level was found to be a 24 because he had committed the offense for which he was charged subsequent to sustaining at least two felony convictions of either "a crime of violence" or a controlled substance offense. "Crime of violence," as it applies to movant, is defined in U.S.S.G. § 4B1.2(a), which will be under direct review in *Beckles*.

**IT IS FURTHER ORDERED** that the Clerk is directed to administratively close this case.

Dated this 1st day of August, 2016

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE